UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  Case No. 22-15780-BKC-LMI
  Chapter 13
Jheny Perez Baez,

_____Debtor(s)._____/

MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN
ON PERSONAL PROPERTY

IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL

This Motion seeks to value collateral described below securing the claim of the creditor listed below.

IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]

If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value personal property securing the claim of Internal Revenue Service ("IRS").

2. *(Select only one)*:

    ___ IRS's collateral consists of a motor vehicle and is particularly described as follows:

    Year and Model of motor vehicle:
    Vehicle Identification Number (VIN #):
    Odometer reading: _____ miles

Page 1 of 5

  __X__ IRS's collateral consists of a lien, recorded on February 12, 2022, in Official Records recording number 2020R0101622, Liber 31816 Page 1288 of the Public Records of Miami Dade County, Florida (collectively, the "**Lien**"), on personal property other than a motor vehicle and is particularly described as follows: All of Debtor's personal property as more particularly describe on Schedule B of the Debtor's Bankruptcy Petition.

3. At the time of the filing of this case, the value of the personal property is $3,539.00.

4. The undersigned reviewed the docket and claims register and states (select only one):

  ____ IRS has not filed a proof of claim in this case. The trustee shall not disburse any payments to IRS unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 4, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

  __X__ IRS filed a proof of claim in this case (Proof of Claim 8). It shall be classified as a secured claim to the extent provided in paragraph 4 above, and as a general unsecured claim for $11,881.87. IRS's secured claim shall be paid through the plan at 5% and for a total of $4,007.12.

5. The subject personal property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE**, the debtor respectfully requests an order of the Court (a) determining the value of the personal property in the amount asserted in this Motion, (b) determining the secured status of the IRS's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, and (d) providing such other and further relief as is just.

### NOTICE IS HEREBY GIVEN THAT:

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing, or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.
2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21

days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

                            Respectfully submitted,

                            Reyes & Calas-Johnson, P.A.
                            Attorneys for Debtor

By:   /s/Mary Reyes
       Mary Reyes
       FL Bar No. 120006
       Reyes and Calas-Johnson, P.A.
       782 NW 42nd Ave., #345
       Miami, FL 33126
       (305) 476-1900/ (305) 476-0880
       rcjlawpa@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all parties on attached list, this 13TH Day of December, 2022.

/s/  Mary Reyes
Mary Reyes

**SERVICE LIST**

Nancy K. Neidich, Trustee ECF registered

The Honorable Merrick B. Garland
Attorney General of the United States
950 Pennsylvania Ave. N.W.
Room 4400
Washington DC 20530-0001

Ariana Fajardo Orshan
United States Attorney
Southern District of Florida
99 N.E. 4th St.
Miami, FL 33132

Internal Revenue Service
Insolvency Support Group, Unit 1
Stop 5730
7850 S.W. 6th Ct., Room 165
Plantation, FL 33324

Special Assistant United States Attorney
Associate Area Counsel (SBSE)-Miami
1114 Claude Pepper Federal Building
P.O. Box 9, Stop 8000
51 SW 1st Ave.
Miami, FL 33130

Internal Revenue Service
Compliance Services-Insolvency Support Group, Unit III
P.O. Box 17167-Stop 5730
Ft. Lauderdale, FL 33318

Internal Revenue Service
POB 21126
Philadelphia, PA 19114

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

## SERVICE LIST CONTINUED

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7317

Internal Revenue Service
400 W Bay Street M/S 5730
Jacksonville, FL 32202

Internal Revenue Service
7850 SW 6th Court M/S 5730
Plantation, FL 33324

Internal Revenue Service
Attn: Rebecca Ellis, Bankruptcy Specialist
7850 SW 6TH COURT M/S 5730
PLANTATION FL 33324-2032

Internal Revenue Service
801 BROADWAY M/S MDP 146
NASHVILLE TN 37203